**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------X
:
In re:                                          :          Chapter 11
:
PRINCETON AVENUE GROUP, INC.,   :          Case No.: 19-19841(JNP)
:
Debtor      :
:
-----------------------------------------------------X

**CERTIFICATION OF COUNSEL IN SUPPORT OF**
**MOTION FOR PROTECTIVE ORDER**

I, Ellen M. McDowell, of full age, do hereby certify as follows:

1. I am an attorney at law, licensed in the state of New Jersey, a shareholder with the law firm of McDowell Law, PC, attorneys for the Debtor in this matter, and as such have personal knowledge of the within facts.

2. On January 21 and January 22, 2020, respectively, the Debtor filed Objections to the claims of Arlene Pero and Jill Swersky (the "Creditors"), both of whom are represented by the firm of Obermayer Rebmann Maxwell & Hippel.

3. The Debtor's Objections to the Creditors' Proofs of Claim challenged the characterization of the Proofs of Claims as well as the amount of the Proofs of Claim.

4. Both claims profess to relate to money loaned to the Debtor. Both claims attach as exhibits Promissory Notes and calculations of amounts alleged to be due. See Proofs of Claim attached as Exhibit "A" hereto.

5. On Friday, July 24, 2020, counsel for the Creditors served a Notice of Deposition for a corporate representative of the Debtor on Tuesday, July 28, 2020. A true and correct copy of the

Notice of Deposition is attached hereto as Exhibit "B."

6. As the Court can easily discern from a cursory review of the Notice of Deposition, much of what the Notice of Deposition requests testimony concerning is completely irrelevant to the characterization and the amount of the Creditors' Proofs of Claim, which are the only issues in controversy in this proceeding.

7. It would appear from the Notice of Deposition that the Creditors are seeking to elicit information that is far afield from the matter in controversy and that their motivation is to harass the Debtor and cause undue expense to the Estate

8. Specifically, the Notice of Deposition demands that the Debtor produce an individual who can testify concerning the following topics:

1. The formation, operations, assets, liabilities, income, and cash flow of the Debtor from inception to date.
2. The relationship between the Debtor and Tavro13, Inc., including any agreements, leases, joint liabilities, and rents collected from Tavro13, Inc.
3. The preparation and filing of income tax returns of the Debtor since formation.
4. The purchase and financing of the real property of the Debtor, including any and all liens attached to said real property.
5. The tax lien on the Debtor's real property that was purchased by US Bank and its efforts to foreclose on the Debtor's real property.
6. The preparation of financial projections attached to the Debtor's Third Amended Disclosure Statement.
7. Loans made by Arlene Pero to the Debtor, and Debtor's objection to the Proof of Claim of Arlene Pero.
8. Loans made by Jill Swesky to the Debtor, mortgage note, and Debtor's objection to the Secured Claim of Jill Swersky.
9. Loan(s) made by Zois Tzitzifas to the Debtor totaling $145,000.00.
10. Loan(s) made by Effie Tzitzifas to the Debtor totaling $97,000.00.
11. Loan(s) made by Konstantinos Tzitzifas to the Debtor totaling $245,500.00.
12. The unsecured claims listed in the Debtor's Amended Schedule E/F, including Metromedia Energy and Marriott Vacation Club.
13. Any communications between representatives of the Debtor and its unsecured creditors regarding monies owed.
14. The value of the Debtor's real property.

9. The Notice of Deposition also demanded that the Debtor produce the following documentation at the Deposition scheduled for July 28, 2020:

> 1. Any and all documents related to the Debtor's payments (a) Arlene Pero and (b) Jill Swersky for repayment of the Debtor's loans.
> 2. Any and all documents related to the loans made by (a) Zois Tzitzifas; (b) Effie Tzitzifas; and (c) Konstantinos Tzitzifas to the Debtor.
> 3. Copies of the Debtor's tax returns for the years 2011 through the present.
> 4. Any and all documents related to US Bank and its efforts to foreclose on the Debtor's real property.

10. Upon receipt of the Notice of Deposition I emailed counsel for the Creditors and advised that I believed that the Notice was overbroad and requested that counsel agree to narrow the scope to seek information reasonably calculated to lead to admissible evidence concerning the Debtor's objections to the Creditors' Proofs of Claim.

11. In response, counsel for the Creditors initially denied that the Notice of Deposition was overbroad.

12. Counsel then engaged in a dialog concerning the scope of the Debtor's deposition testimony. Creditors' counsel agreed not to seek information concerning items 2 through 6 as set forth in paragraph 7 above. I agreed that it was fair to seek testimony concerning items 7, 8, 13 and 14.

13. However, Creditors' counsel continues to insist that information concerning the Debtor's "finances and loans" should be discoverable at the Debtor's deposition. See email attached as Exhibit "C."

14. Discovery concerning the Debtor's "finances and loans" could take hours upon hours

and cost the Estate thousands of dollars. Creditors' counsel has been unable to explain how this information could have any bearing on the amount and characterization of Creditors' claims. Instead, it seems likely that the sole point of the Creditors' insistence on probing these areas is to harass the Debtor and force it to incur unnecessary expenses.

15. The Court will also recall that the Creditors have attempted to block the Debtor's reorganization at every turn, filing multiple objections to confirmation and the Debtor's Disclosure Statement, and even going so far as to seek the disqualification of Debtor's counsel, further proving that their goal is to impede the Debtor from efficiently completing the Chapter 11 process in every way possible.

16. Based on the foregoing, the Debtor respectfully requests that this Court enter a Protective Order limiting the information sought at the Debtor's deposition to that relating to the issue in controversy: the amount and characterization of Creditors' claims.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: July 27, 2020              /s/ *Ellen M. McDowell*
                                       Ellen M. McDowell