# EXHIBIT "A"

Fill in this information to identify the case:

Debtor 1: Princeton Avenue Group, Inc.

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: _____ District of New Jersey____

Case number: 19-19841



## Official Form 410
# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

1. **Who is the current creditor?**
   Arlene Pero
   Name of the current creditor (the person or entity to be paid for this claim)
   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☑ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?
   Arlene Pero
   Name
   1804 Rogers Walk
   Number    Street
   Mount Laurel, N.J 0805
   City         State      ZIP Code

   Contact phone 305-710-4916
   Contact email arlenerpero@gmail.com

   Where should payments to the creditor be sent? (if different)
   Name _____
   Number    Street _____
   City     State    ZIP Code
   Contact phone _____
   Contact email _____

   Uniform claim identifier for electronic payments in chapter 13 (If you use one):
   __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

4. **Does this claim amend one already filed?**
   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) _____  Filed on ___/___/___
                                                                              MM  / DD  / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☑ No
   ☐ Yes. Who made the earlier filing? _____

Official Form 410                           Proof of Claim                              page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 236,002. **Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

money loaned

**9. Is all or part of the claim secured?**
☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____
Amount of the claim that is secured: $ _____
Amount of the claim that is unsecured: $ 236,002 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ 236,002

Annual Interest Rate (when case was filed) 8 %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

| | | Amount entitled to priority |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/25/2019
                  MM / DD / YYYY

_Kimberley Stuart, Esquire_        [signature]
Signature

Print the name of the person who is completing and signing this claim:

Name         Kimberley Stuart, Esquire
             First name        Middle name         Last name

Title        Attorney at Law, State of New Jersey

Company      Kimberley Stuart, LLC
             Identify the corporate servicer as the company if the authorized agent is a servicer.

Address      5 North Haddon Avenue, Suite 1
             Number      Street
             Haddonfield                          NJ         08033
             City                                 State      ZIP Code

Contact phone  609-363-9400              Email  Kimberley@stuart.law

Official Form 410                 Proof of Claim                      page 3

$125,000 loan to Princeton Avenue Group, Inc. and Tavro 13, Inc.

| Date | Balance Outstanding | Accrued Interest | Accrued Fees | Total Outstanding |
|---|---|---|---|---|
| 8/1/2012 | 125,000 | 833.3333333 | 126.7275 | 125,960 |
| 9/1/2012 | 125,960 | 839.7337389 | 126.7275 | 126,927 |
| 10/1/2012 | 126,927 | 846.1768138 | 126.7275 | 127,899 |
| 11/1/2012 | 127,899 | 852.6628426 | 126.7275 | 128,879 |
| 12/1/2012 | 128,879 | 859.1921115 | 126.7275 | 129,865 |
| 1/1/2013 | 129,865 | 865.7649089 | 126.7275 | 130,857 |
| 2/1/2013 | 130,857 | 872.381525 | 126.7275 | 131,856 |
| 3/1/3013 | 131,856 | 879.0422518 | 126.7275 | 132,862 |
| 4/1/2013 | 132,862 | 885.7473835 | 126.7275 | 133,875 |
| 5/1/2013 | 133,875 | 892.4972161 | 126.7275 | 134,894 |
| 6/1/2013 | 134,894 | 899.2920475 | 126.7275 | 135,920 |
| 7/1/2013 | 135,920 | 906.1321778 | 126.7275 | 136,953 |
| 8/1/2013 | 136,953 | 913.017909 | 126.7275 | 137,992 |
| 9/1/2013 | 137,992 | 919.9495451 | 126.7275 | 139,039 |
| 10/1/2013 | 139,039 | 926.927392 | 126.7275 | 140,093 |
| 11/1/2013 | 140,093 | 933.951758 | 126.7275 | 141,153 |
| 12/1/2013 | 141,153 | 941.022953 | 126.7275 | 142,221 |
| 1/1/2014 | 142,221 | 948.1412894 | 126.7275 | 143,296 |
| 2/1/2014 | 143,296 | 955.3070813 | 126.7275 | 144,378 |
| 3/1/2014 | 144,378 | 962.5206452 | 126.7275 | 145,467 |
| 4/1/2014 | 145,467 | 969.7822995 | 126.7275 | 146,564 |
| 5/1/2014 | 146,564 | 977.0923648 | 126.7275 | 147,668 |
| 6/1/2014 | 147,668 | 984.4511639 | 126.7275 | 148,779 |
| 7/1/2014 | 148,779 | 991.8590217 | 126.7275 | 149,897 |
| 8/1/2014 | 149,897 | 999.3162652 | 126.7275 | 151,023 |
| 9/1/2014 | 151,023 | 1006.823224 | 126.7275 | 152,157 |
| 10/1/2014 | 152,157 | 1014.380228 | 126.7275 | 153,298 |
| 11/1/2014 | 153,298 | 1021.987613 | 126.7275 | 154,447 |
| 12/1/2014 | 154,447 | 1029.645714 | 126.7275 | 155,603 |
| 1/1/2015 | 155,603 | 1037.354869 | 126.7275 | 156,767 |
| 2/1/2015 | 156,767 | 1045.115418 | 126.7275 | 157,939 |

| Date | Col2 | Col3 | Col4 | Col5 |
|---|---|---|---|---|
| 3/1/2015 | 157,939 | 1052.927704 | 126.7275 | |
| 4/1/2015 | 159,119 | 1060.792072 | 126.7275 | |
| 5/1/2015 | 160,306 | 1068.708869 | 126.7275 | |
| 6/1/2015 | 161,502 | 1076.678445 | 126.7275 | |
| 7/1/2015 | 162,705 | 1084.701151 | 126.7275 | |
| 8/1/2015 | 163,917 | 1092.777342 | 126.7275 | |
| 9/1/2015 | 165,136 | 1100.907375 | 126.7275 | |
| 10/1/2015 | 166,364 | 1109.091607 | 126.7275 | |
| 11/1/2015 | 167,600 | 1117.330401 | 126.7275 | |
| 12/1/2015 | 168,844 | 1125.62412 | 126.7275 | |
| 1/1/2016 | 170,096 | 1133.973131 | 126.7275 | |
| 2/1/2016 | 171,357 | 1142.377802 | 126.7275 | |
| 3/1/2016 | 172,626 | 1150.838504 | 126.7275 | |
| 4/1/2016 | 173,903 | 1159.355611 | 126.7275 | |
| 5/1/2016 | 175,189 | 1167.929498 | 126.7275 | |
| 6/1/2016 | 176,484 | 1176.560545 | 126.7275 | |
| 7/1/2016 | 177,787 | 1185.249132 | 126.7275 | |
| 8/1/2016 | 179,099 | 1193.995643 | 126.7275 | |
| 9/1/2016 | 180,420 | 1202.800464 | 126.7275 | |
| 10/1/2016 | 181,750 | 1211.663983 | 126.7275 | |
| 11/1/2016 | 183,088 | 1220.586593 | 126.7275 | |
| 12/1/2016 | 184,435 | 1229.568687 | 126.7275 | |
| 1/1/2017 | 185,792 | 1238.610662 | 126.7275 | |
| 2/1/2017 | 187,157 | 1247.712916 | 126.7275 | |
| 3/1/2017 | 188,531 | 1256.875852 | 126.7275 | |
| 4/1/2017 | 189,915 | 1266.099875 | 126.7275 | |
| 5/1/2017 | 191,308 | 1275.385391 | 126.7275 | |
| 6/1/2017 | 192,710 | 1284.73281 | 126.7275 | |
| 7/1/2017 | 194,121 | 1294.142545 | 126.7275 | |
| 8/1/2017 | 195,542 | 1303.615012 | 126.7275 | |
| 9/1/2017 | 196,973 | 1313.150629 | 126.7275 | |
| 10/1/2017 | 198,412 | 1322.749817 | 126.7275 | |
| 11/1/2017 | 199,862 | 1332.412999 | 126.7275 | |

Additional right-hand column values (appearing in a separate column to the right):

| Date | Value |
|---|---|
| 4/1/2015 | 159,119 |
| 5/1/2015 | 160,306 |
| 6/1/2015 | 161,502 |
| 7/1/2015 | 162,705 |
| 8/1/2015 | 163,917 |
| 9/1/2015 | 165,136 |
| 10/1/2015 | 166,364 |
| 11/1/2015 | 167,600 |
| 12/1/2015 | 168,844 |
| 1/1/2016 | 170,096 |
| 2/1/2016 | 171,357 |
| 3/1/2016 | 172,626 |
| 4/1/2016 | 173,903 |
| 5/1/2016 | 175,189 |
| 6/1/2016 | 176,484 |
| 7/1/2016 | 177,787 |
| 8/1/2016 | 179,099 |
| 9/1/2016 | 180,420 |
| 10/1/2016 | 181,750 |
| 11/1/2016 | 183,088 |
| 12/1/2016 | 184,435 |
| 1/1/2017 | 185,792 |
| 2/1/2017 | 187,157 |
| 3/1/2017 | 188,531 |
| 4/1/2017 | 189,915 |
| 5/1/2017 | 191,308 |
| 6/1/2017 | 192,710 |
| 7/1/2017 | 194,121 |
| 8/1/2017 | 195,542 |
| 9/1/2017 | 196,973 |
| 10/1/2017 | 198,412 |
| 11/1/2017 | 199,862 |
| 12/1/2017 | 201,321 |

| Date | Col2 | Col3 | Col4 | Col5 |
|---|---|---|---|---|
| 12/1/2017 | 201,321 | 1342.140602 | 126.7275 | |
| 1/1/2018 | 202,790 | 1351.933056 | 126.7275 | |
| 2/1/2018 | 204,269 | 1361.790793 | 126.7275 | |
| 3/1/2018 | 205,757 | 1371.714248 | 126.7275 | |
| 4/1/2018 | 207,256 | 1381.70386 | 126.7275 | |
| 5/1/2018 | 208,764 | 1391.760069 | 126.7275 | |
| 6/1/2018 | 210,282 | 1401.883319 | 126.7275 | |
| 7/1/2018 | 211,811 | 1412.074058 | 126.7275 | |
| 8/1/2018 | 213,350 | 1422.332735 | 126.7275 | |
| 9/1/2018 | 214,899 | 1432.659804 | 126.7275 | |
| 10/1/2018 | 216,458 | 1443.055719 | 126.7275 | |
| 11/1/2018 | 218,028 | 1453.52094 | 126.7275 | |
| 12/1/2018 | 219,608 | 1464.05593 | 126.7275 | |
| 1/1/2019 | 221,199 | 1474.661153 | 126.7275 | 202,790 |
| 2/1/2019 | 222,801 | 1485.337077 | 126.7275 | 204,269 |
| 3/1/2019 | 224,413 | 1496.084174 | 126.7275 | 205,757 |
| 4/1/2019 | 226,035 | 1506.902919 | 126.7275 | 207,256 |
| 5/1/2019 | 227,669 | 1517.793788 | 126.7275 | 208,764 |
| 6/1/2019 | 229,314 | 1528.757264 | 126.7275 | 210,282 |
| 7/1/2019 | 230,969 | 1539.793829 | 126.7275 | 211,811 |
| 8/1/2019 | 232,636 | 1550.903971 | 126.7275 | 213,350 |
| 9/1/2019 | 234,313 | 1562.088181 | 126.7275 | 214,899 |
| | | | | 216,458 |
| | | | | 218,028 |
| | | | | 219,608 |
| | | | | 221,199 |
| | | | | 222,801 |
| | | | | 224,413 |
| | | | | 226,035 |
| | | | | 227,669 |
| | | | | 229,314 |
| | | | | 230,969 |
| | | | | 232,636 |
| | | | | 234,313 |
| | | | | 236,002 |

# PROMISSORY NOTE

$125,000.00.                                                    August 15, 2012

**FOR VALUE RECEIVED,** Princeton Avenue Group, Inc., a New Jersey Corporation, (hereinafter called "PAG"), of 12 S. Princeton Ave., Wenonah, New Jersey 08090, promises to pay to the order of Arlene Pero (hereinafter called "Arlene"), at 2602 Sagemore Drive, Marlton, New Jersey 08053, or at such other place which Arlene may designate in writing to PAG, the sum of One Hundred Twenty-Five Thousand ($125,000.00) Dollars, plus interest at the annual rate of 8.0%, ("Amount Due"). The Amount Due shall be payable in sixty (60) equal monthly installments of principal and interest of $2,534.55, commencing on September 1, 2012 and on the first day of each consecutive month thereafter until paid in full.

This Note may be prepaid at any time, in whole or in part, by PAG without penalty or premium.

In the event that PAG fails to make any monthly payment as provided under this Note by the fifth (5th) day of the month, then and in such event, PAG shall pay a late charge of five (5%) percent of the said overdue payment. This charge shall be paid together with the overdue payment. In the event a payment due under this Note is not made within fifteen (15) days of the due date, then PAG shall be in default of its obligations hereunder, and the balance of the Amount Due, together with any late charge, shall be immediately due and owing.

Demand or presentment for payment, notice of nonpayment or dishonor, protest or notice of protest are hereby expressly waived by all parties to this Note, whether maker or endorser or otherwise. In the event of any default by PAG, Arlene may

recover all reasonable attorney fees and expenses for collection of the amount due and owing.

The undersigned agrees to the terms of this Note by signing below.

**IN WITNESS WHEREOF**, Princeton Avenue Group, Inc. has duly executed this Note the day and year first above written.

PRINCETON AVENUE GROUP, INC.

BY: _____
KONSTANTINOS TZITZIFAS, President

093

July 27, 2012

63-215/531

Pay to the order of: Princeton Ave Group          $ 125,000 XX/100

One Hundred Twenty Five Thousand    KX/100 Dollars

SUNTRUST    ACH RT 061000104

For: Loan

⑆063102152⑆ 1000091504212⑈ 0093

Exhibit A    Page 11 of 19

Case 19-19841-JNP    Claim 2-1    Filed 09/25/19    Desc Main Document    Page 1 of 9

| Fill in this information to identify the case: |
|---|
| Debtor 1  Princeton Avenue Group, Inc. |
| Debtor 2 (Spouse, if filing) |
| United States Bankruptcy Court for the: _____ District of New Jersey _____ |
| Case number  19-19841 |



U.S BANKRUPTCY COURT
FILED
CAMDEN, NJ
2019 SEP 25 P 12: 27
JEANNE
BY:

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Jill Swersky
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Jill Swersky
Name

1804 Rogers Walk
Number     Street

Mount Laurel, N.J 0805
City                State          ZIP Code

Contact phone 305-710-4859

Contact email jillsworldhere@yahoo.com

Where should payments to the creditor be sent? (if different)

Name _____

Number     Street _____

City                State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____
                                                                  MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
   ☑ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim?   $ 500,092.  Does this amount include interest or other charges?
   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   money loaned

9. Is all or part of the claim secured?
   ☐ No
   ☑ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   Value of property:                                    $ _____
   Amount of the claim that is secured:                  $ 500,092
   Amount of the claim that is unsecured:                $ 0  (The sum of the secured and unsecured amounts should match the amount in line 7.)

   Amount necessary to cure any default as of the date of the petition:    $ 500,092

   Annual Interest Rate (when case was filed) 8 %
   ☑ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.   $ _____

11. Is this claim subject to a right of setoff?
    ☑ No
    ☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No <br> ☐ Yes. *Check one:* | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/25/2019
                  MM / DD / YYYY

**Kimberley Stuart, Esquire**   _/s/ Stuart_
Signature

Print the name of the person who is completing and signing this claim:

| Name | Kimberley Stuart, Esquire |
| | First name / Middle name / Last name |
| Title | Attorney at Law, State of New Jersey |
| Company | Kimberley Stuart, LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 5 North Haddon Avenue, Suite 1 |
| | Number / Street |
| | Haddonfield    NJ    08033 |
| | City / State / ZIP Code |
| Contact phone | 609-363-9400    Email    Kimberley@stuart.law |

Official Form 410                    Proof of Claim                    page 3

$293,000 loan to Princeton Avenue Group, Inc. and Tavro 13, Inc.

| Date | Balance Outstanding | Accrued Interest | Accrued Fees | Total Outstanding |
|---|---|---|---|---|
| 10/26/2013 | 293,000 | 1953.333333 | 297.049 | 295,250 |
| 11/26/2013 | 295,250 | 1968.335882 | 297.049 | 297,516 |
| 12/26/2013 | 297,516 | 1983.438448 | 297.049 | 299,796 |
| 1/26/2014 | 299,796 | 1998.641698 | 297.049 | 302,092 |
| 2/26/2014 | 302,092 | 2013.946302 | 297.049 | 304,403 |
| 3/26/2014 | 304,403 | 2029.352938 | 297.049 | 306,729 |
| 4/26/2014 | 306,729 | 2044.862284 | 297.049 | 309,071 |
| 5/26/2014 | 309,071 | 2060.475026 | 297.049 | 311,429 |
| 6/26/2014 | 311,429 | 2076.191853 | 297.049 | 313,802 |
| 7/26/2014 | 313,802 | 2092.013458 | 297.049 | 316,191 |
| 8/26/2014 | 316,191 | 2107.940541 | 297.049 | 318,596 |
| 9/26/2014 | 318,596 | 2123.973805 | 297.049 | 321,017 |
| 10/26/2014 | 321,017 | 2140.113957 | 297.049 | 323,454 |
| 11/26/2014 | 323,454 | 2156.36171 | 297.049 | 325,908 |
| 12/26/2014 | 325,908 | 2172.717782 | 297.049 | 328,377 |
| 1/26/2015 | 328,377 | 2189.182893 | 297.049 | 330,864 |
| 2/26/2015 | 330,864 | 2205.757773 | 297.049 | 333,366 |
| 3/26/2015 | 333,366 | 2222.443151 | 297.049 | 335,886 |
| 4/26/2015 | 335,886 | 2239.239766 | 297.049 | 338,422 |
| 5/26/2015 | 338,422 | 2256.148357 | 297.049 | 340,975 |
| 6/26/2015 | 340,975 | 2273.169673 | 297.049 | 343,546 |
| 7/26/2015 | 343,546 | 2290.304464 | 297.049 | 346,133 |
| 8/26/2015 | 346,133 | 2307.553487 | 297.049 | 348,738 |
| 9/26/2015 | 348,738 | 2324.917504 | 297.049 | 351,360 |
| 10/26/2015 | 351,360 | 2342.397281 | 297.049 | 353,999 |
| 11/26/2015 | 353,999 | 2359.993589 | 297.049 | 356,656 |
| 12/26/2015 | 356,656 | 2377.707206 | 297.049 | 359,331 |
| 1/26/2016 | 359,331 | 2395.538914 | 297.049 | 362,023 |
| 2/26/2016 | 362,023 | 2413.489501 | 297.049 | 364,734 |
| 3/26/2016 | 364,734 | 2431.559757 | 297.049 | 367,463 |
| 4/26/2016 | 367,463 | 2449.750482 | 297.049 | 370,209 |

| Date | Col2 | Col3 | Col4 | Col5 |
|---|---|---|---|---|
| 5/26/2016 | 370,209 | 2468.062479 | 297.049 | |
| 6/26/2016 | 372,974 | 2486.496555 | 297.049 | |
| 7/26/2016 | 375,758 | 2505.053526 | 297.049 | |
| 8/26/2016 | 378,560 | 2523.734209 | 297.049 | |
| 9/26/2016 | 381,381 | 2542.539431 | 297.049 | |
| 10/26/2016 | 384,221 | 2561.47002 | 297.049 | |
| 11/26/2016 | 387,079 | 2580.526814 | 297.049 | |
| 12/26/2016 | 389,957 | 2599.710652 | 297.049 | |
| 1/26/2017 | 392,853 | 2619.022383 | 297.049 | |
| 2/26/2017 | 395,769 | 2638.462859 | 297.049 | |
| 3/26/2017 | 398,705 | 2658.032938 | 297.049 | |
| 4/26/2017 | 401,660 | 2677.733485 | 297.049 | |
| 5/26/2017 | 404,635 | 2697.565368 | 297.049 | |
| 6/26/2017 | 407,629 | 2717.529464 | 297.049 | |
| 7/26/2017 | 410,644 | 2737.626653 | 297.049 | |
| 8/26/2017 | 413,679 | 2757.857824 | 297.049 | |
| 9/26/2017 | 416,734 | 2778.22387 | 297.049 | |
| 10/26/2017 | 419,809 | 2798.725689 | 297.049 | |
| 11/26/2017 | 422,905 | 2819.364187 | 297.049 | |
| 12/26/2017 | 426,021 | 2840.140275 | 297.049 | |
| 1/26/2018 | 429,158 | 2861.05487 | 297.049 | 432,316 |
| 2/26/2018 | 432,316 | 2882.108896 | 297.049 | 429,158 |
| 3/26/2018 | 435,495 | 2903.303282 | 297.049 | 426,021 |
| 4/26/2018 | 438,696 | 2924.638964 | 297.049 | 422,905 |
| 5/26/2018 | 441,918 | 2946.116883 | 297.049 | 419,809 |
| 6/26/2018 | 445,161 | 2967.737989 | 297.049 | 416,734 |
| 7/26/2018 | 448,425 | 2989.503236 | 297.049 | 413,679 |
| 8/26/2018 | 451,712 | 3011.413584 | 297.049 | 410,644 |
| 9/26/2018 | 455,021 | 3033.470001 | 297.049 | 407,629 |
| 10/26/2018 | 458,351 | 3055.673461 | 297.049 | 404,635 |
| 11/26/2018 | 461,704 | 3078.024944 | 297.049 | 401,660 |
| 12/26/2018 | 465,079 | 3100.525437 | 297.049 | 398,705 |
| 1/26/2019 | 468,476 | 3123.175934 | 297.049 | 395,769 |

| | | | | 392,853 |
| | | | | 389,957 |
| | | | | 387,079 |
| | | | | 384,221 |
| | | | | 381,381 |
| | | | | 378,560 |
| | | | | 375,758 |
| | | | | 372,974 |
| | | | | 445,161 |
| | | | | 441,918 |
| | | | | 438,696 |
| | | | | 435,495 |
| | | | | 432,316 |
| | | | | 448,425 |
| | | | | 451,712 |
| | | | | 455,021 |
| | | | | 458,351 |
| | | | | 461,704 |
| | | | | 465,079 |
| | | | | 468,476 |
| | | | | 471,897 |

| Date | | | |
|---|---|---|---|
| 2/26/2019 | 471,897 | 3145.977433 | 297.049 |
| 3/26/2019 | 475,340 | 3168.930943 | 297.049 |
| 4/26/2019 | 478,806 | 3192.037476 | 297.049 |
| 5/26/2019 | 482,295 | 3215.298052 | 297.049 |
| 6/26/2019 | 485,807 | 3238.713699 | 297.049 |
| 7/26/2019 | 489,343 | 3262.285451 | 297.049 |
| 8/26/2019 | 492,902 | 3286.014347 | 297.049 |
| 9/26/2019 | 496,485 | 3309.901436 | 297.049 |

| | |
|---|---|
| 475,340 | |
| 478,806 | |
| 482,295 | |
| 485,807 | |
| 489,343 | |
| 492,902 | |
| 496,485 | |
| 500,092 | |

# *MORTGAGE NOTE*

This Mortgage Note is made on October 26, 2013

  **BETWEEN** the Borrower(s)

Princeton Group Inc. and Tavro 13, Inc.

whose addresses are 12 South Princeton Avenue, Wenonah, New Jersey 08090

                            referred to as "I",

  **AND** the Lender

Jill Swersky

whose address is 2602 Sagemore Drive, Marlton, New Jersey 08053

                            referred to as the "Lender".

If more than one borrower signs this Note, the word "I" shall mean each Borrower named above. The word "Lender" means the original Lender and anyone else who takes this Note by transfer.

  **Borrower's Promise to Pay Principal and Interest.** In return for a loan that I received, I promise to pay $293,000.00 (called "principal"), plus interest to the Lender. Interest, at a yearly rate of 8% (Eight) will be charged on that part of the principal which has not been paid from the date of this Note until all principal has been paid.

  **Payments.** I will pay principal and interest based on a 5 (five) year payment schedule with monthly payments of $5940.98 on the 1st day of each month beginning on, January, 2014. I will pay all amounts owed under this Note no later than December 1, 2018. All payments will be made to the Lender at the address shown above or to a different place if required by the Lender.

  **Early Payments.** I have the right to make payments at any time before they are due. These early payments will mean that this Note will be paid in less time. However, unless I pay this Note in full, my monthly payments will remain the same.

  **Late Charge for Overdue Payments.** If the Lender has not received any payment within 5 (five) days after its due date, I will pay the Lender a late charge of 5% (five) of the payment. This charge will be paid with the late payment.

  **Mortgage to Secure Payment.** The Lender has been given a Mortgage dated October 26, 2013, to protect the Lender if the promises made in this Note are not kept. I agree to keep all promises made in the Mortgage covering property I own located at 1301 Kings Highway, Swedesboro, New Jersey 08085 in the Borough of Swedesboro, in the County of Gloucester and State of New Jersey. All terms of the Mortgage are made part of this Note.

  **Default.** If I fail to make any payment required by this Note with 15 (fifteen) days after its due date, or if I fail to keep any other promise I make in this Note or in the Mortgage, the Lender may declare that I am in default on the Mortgage and this Note. Upon default, I must immediately pay the full amount of all unpaid principal, interest, other amounts due on the Mortgage and this Note and the Lender's costs of collection and reasonable attorney fees.

  **Waivers.** I give up my right to require that the Lender do the following: (a) to demand payment (called "presentment"); (b) to notify me of nonpayment (called "notice of dishonor"); and (c) to obtain an official certified statement showing nonpayment (called a "protest"). The Lender may exercise any right under this Note, the Mortgage or under any law, even if Lender has delayed in exercising that right or has agreed in an earlier instance not to exercise that right. Lender does not waive its right to declare that I am in default by making payments or incurring expenses on my behalf.

  **Each Person Liable.** The Lender may enforce any of the provisions of this Note against any one or more of the Borrowers who sign this Note.

  **No Oral Changes.** This Note can only be changed by an agreement in writing signed by both the Borrower(s) and the Lender.

  **Signatures.** I agree to the terms of this Note. If the Borrower is a corporation, its proper corporate officers sign and its corporate seal is affixed.

                     Princeton Avenue Group Inc. and Tavro 13, Inc.

Witnessed or Attested by

# MORTGAGE

This Mortgage, made on this 26th day of October, 2013

**BETWEEN** the Borrower(s)

Princeton Avenue Group Inc. and Tavro 13, Inc.

whose addresses are 12 South Princeton Avenue, Wenonah, New Jersey 08090

referred to as the "I",

**AND** the Lender

Jill Swersky

whose address is 2602 Sagemore Drive, Marlton, New Jersey 08053

referred to as the "Lender".
If more than one Borrower signs this Mortgage, the word "I" shall mean each Borrower named above. The word "Lender" means the original Lender and anyone else who takes this Mortgage by assignment or transfer.

**Mortgage Note.** In return for a loan that I received, I promise to pay $293,000.00 (called "principal"), plus interest in accordance with the terms of a Mortgage Note dated, October 26, 2013 (referred to as the "Note"). The Note provides for 60 monthly payments equal and commencing on January 1, 2014, in the amount of $5940.98 and a yearly interest rate of (8)%. All sums owed under the Note are due no later than December 1, 2018. All terms of the Note are made part of this Mortgage.

**Property Mortgaged.** The property mortgaged to the Lender (called the "Property") is located in the Borough of Swedesboro County of Gloucester and State of New Jesey. The Property includes: (a) the land; (b) all buildings that are now, or will be, located on the land; (c) all fixtures that are now, or will be, attached to the land or building(s) (for example, furnaces, bathroom fixtures and kitchen cabinets);(d) all condemnation awards and insurance proceeds relating to the land and building(s): and(e) all other rights that I have, or will have, as owner of the Property.

The legal description of the property is: 1301 Kings Highway, Swedesboro, New Jersey 08085, See Exhibit A-2.

**Rights Given to Lender.** I mortgage the Property to the Lender. This means that I give the Lender those rights stated in this Mortgage and also those rights otherwise given by law to lenders who hold mortgages on real property. When I pay all amounts due to the Lender under the Note and this Mortgage, the Lender's rights under this Mortgage will end. The Lender will then cancel this Mortgage at my expense.

**Promises.** I make the following promises to the Lender:
1. **Note and Mortgage.** I will comply with all of the terms of the Note and this Mortgage.
2. **Payments.** I will make all payments required by the Note and this Mortgage.
3. **Ownership.** I warrant title to the premises (N.J.S.A. 46:9-2). This means I own the Property and will defend my ownership against all claims.
4. **Liens and Taxes.** I will pay all liens, taxes, assessments and other government charges made against the property when due. I will not claim any deduction from the taxable value of the Property because of this Mortgage. I will not claim any credit against the principal and interest payable under the Note and this Mortgage for any taxes paid on the Property.

5. **Insurance.** I must maintain extended coverage insurance on the Property. The Lender may also require that I maintain flood insurance or other types of insurance. The insurance companies, policies, amounts and types of coverage must be acceptable to the Lender. I will notify the Lender in the event of any substantial loss or damage. The Lender may then settle the claim on my behalf if I fail to do so. All payments from the insurance company must be payable to the Lender under a "standard mortgage clause" in the insurance policy. The Lender may use any proceeds to repair and restore the Property or to reduce the amount due under the Note and this Mortgage. This will not delay the due date for any payment under the Note and this Mortgage.

6. **Repairs.** I will keep the Property in good repair, neither damaging nor abandoning it. I will allow the Lender to inspect the Property upon reasonable notice to me.

7. **Statement of Amount Due.** Upon request of the Lender, I will certify to the Lender in writing: (a) the amount due on the Note and this Mortgage, and (b) whether or not I have any defense to my obligations under the Note and this Mortgage.

**Payments Made for Borrower(s).** If I do not make all of the repairs or payments as agreed in this Mortgage, the Lender may do so for me. The cost of these repairs and payments will be added to the principal, will bear interest at the same rate provided in the Note and will be repaid to the Lender upon demand.

**Default.** The Lender may declare that I am in default on the Note and this Mortgage if:
(a) I fail to make any payment required by the Note and this Mortgage within days after its due date;
(b) I fail to keep any other promise I make in this Mortgage;
(c) the ownership of the Property is changed for any reason;
(d) the holder of any lien on the Property starts foreclosure proceedings; or
(e) bankruptcy, insolvency or receivership proceedings are started by or against any of the Borrowers.

**Payment Due Upon Default.** If the Lender declares that I am in default, I must immediately pay the full amount of all unpaid principal, interest, other amounts due on the Note and this Mortgage and the Lender's costs of collection and reasonable attorney fees.

**Lender's Rights upon Default.** If the Lender declares that the Note and this Mortgage are in default, the Lender will have all rights given by law or set forth in this Mortgage. This includes the right to do any one or more of the following:
(a) take possession of and manage the Property, including the collection of rents and profits;
(b) have a court appoint a receiver to accept rent for the Property (I consent to this);
(c) start a court action, known as foreclosure, which will result in a sale of the Property to reduce my obligation under the Note and this Mortgage; and
(d) sue me for any money that I owe the Lender.

**Notices.** All notices must be in writing and personally delivered or sent by certified mail, return receipt requested, to the addresses given in this Mortgage. Address changes may be made upon notice to the other party.

**No Waiver by Lender.** Lender may exercise any right under this Mortgage or under any law, even if Lender has delayed in exercising that right or has agreed in an earlier instance not to exercise that right. Lender does not waive its right to declare that I am in default by making payments or incurring expenses on my behalf.

**Each Person Liable.** This Mortgage is legally binding upon each Borrower and all who succeed to their responsibilities (such as heirs and executors). The Lender may enforce any of the provisions of the Note and this Mortgage against any one or more of the Borrowers who sign this Mortgage.

**No Oral Changes.** This Mortgage can only be changed by an agreement in writing signed by both the Borrower(s) and the Lender.

**Copy Received. I ACKNOWLEDGE RECEIPT OF A TRUE COPY OF THIS MORTGAGE WITHOUT CHARGE.**

**Signatures.** I agree to the terms of this Mortgage. If the Borrower is a corporation, its proper corporate officers sign and its corporate seal is affixed.

Princeton Avenue Group Inc. and Tavro 13, Inc.

Witnessed or Attested by:

BY: _____ (Seal)
Konstantinos Tzitzifas, President

STATE OF NJ, COUNTY OF            SS.:
I CERTIFY that on October 26, 2013
Konstantinos Tzitzifas
personally came before me, and this person acknowledged under oath, to my satisfaction, that:
(a) this person is the President of Princeton Avenue Group Inc. and Tavro 13, Inc., the corporations named in this document;
(b) this person is authorized to the signing of this document as the proper corporate officer.
(c) this document was signed and delivered by the corporations as its voluntary act duly authorized by a proper
(d) resolution of its Board of Directors;
(e) this person knows the proper seal of the corporations which was affixed to this document; and
(f) this person signed this proof to attest to the truth of these facts.

Signed and sworn to before me on October 26, 2013