**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------X
                                           :

In re:                                 :         Chapter 11

PRINCETON AVENUE GROUP, INC.,  :         Case No.: 19-19841(JNP)

                Debtor       :

---------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PROTECTIVE ORDER**

This matter arises from Objections filed by the Debtor challenging the validity, characterization and amounts of the Proofs of Claim filed by creditors Arlene Pero and Jill Swersky (the "Creditors").

Both claims profess to relate to money loaned to the Debtor. Both claims attach as exhibits Promissory Notes and calculations of amounts alleged to be due.

The only matters pertinent to the resolution of the claims objections are how much, if anything, is owed to each creditor, and whether their claims are secured or unsecured.

Despite this very simple and narrow legal issue, the Creditors are seeking discovery that goes far beyond the issues at hand. They served a subpoena seeking testimony about such wide-ranging topics as the Debtor's "formation, operations, . . . and cash flow . . . from inception to date," its relationship with its tenant, its pre-petition communications with other creditors, the amounts due other creditors, the Debtor's tax returns and more.

The complete list of topics the Creditors seek testimony concerning is as follows:

    1.    The formation, operations, assets, liabilities, income, and cash flow

of the Debtor from inception to date.

2. The relationship between the Debtor and Tavro13, Inc., including any agreements, leases, joint liabilities, and rents collected from Tavro13, Inc.

3. The preparation and filing of income tax returns of the Debtor since formation.

4. The purchase and financing of the real property of the Debtor, including any and all liens attached to said real property.

5. The tax lien on the Debtor's real property that was purchased by US Bank and its efforts to foreclose on the Debtor's real property.

6. The preparation of financial projections attached to the Debtor's Third Amended Disclosure Statement.

7. Loans made by Arlene Pero to the Debtor, and Debtor's objection to the Proof of Claim of Arlene Pero.

8. Loans made by Jill Swesky to the Debtor, mortgage note, and Debtor's objection to the Secured Claim of Jill Swersky.

9. Loan(s) made by Zois Tzitzifas to the Debtor totaling $145,000.00.

10. Loan(s) made by Effie Tzitzifas to the Debtor totaling $97,000.00.

11. Loan(s) made by Konstantinos Tzitzifas to the Debtor totaling $245,500.00.

12. The unsecured claims listed in the Debtor's Amended Schedule E/F, including Metromedia Energy and Marriott Vacation Club.

13. Any communications between representatives of the Debtor and its unsecured creditors regarding monies owed.

14. The value of the Debtor's real property.

Fed.R.Civ.P. 26 is applicable to this proceeding. Fed.R.Civ.P. 26(b)(1) defines the scope and limits of discovery:

> (b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
> (1) In General. Parties may obtain discovery regarding any nonprivileged matter **that is relevant to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(emphasis added).

In Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), the Supreme Court identified the key phrase in Rule 26 as "relevant to the subject matter involved in the pending action" and noted the broad construction of the language "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Id. at 351, 98 S.Ct. at 2389. Consistent with this liberal approach is the distinction in the Rule between relevancy for discovery purposes and relevancy for admissibility at trial purposes. The standard is whether the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." It has been argued that relevancy should not be measured solely by the pleadings, but by general relevance to the subject matter of the action. 4 J. Moore, J. Lucas and G. Grotheer, Moore's Federal Practice ¶ 26.56(1) (2d ed. 1984).

Although the language of Rule 26 and caselaw interpreting it support a liberal approach to discovery, the Rule is not without limitations. See McClain v. Mack Trucks, Inc., 85 F.R.D. 53 (E.D.Pa.1979). Subsection (c) of Rule 26 provides for the issuance of a protective order for good cause shown:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not

> be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

The Court possesses wide latitude, under Fed.R.Civ.P. 26 and Bankruptcy Rules 7026 and 9014, to issue a protective order for the purpose of "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FedR.Civ.P. 26(c). A protective order may provide "that the disclosure or discovery may be had only on specified terms and conditions." Fed.R.Civ.P. 26(c)(2).  In re Wright, 220 B.R. 543 (Bankr. S.D.N.Y. 1998).

Under Fed.R.Civ.P. 26(c), the burden is on the person seeking to avoid discovery to point to a specific reason for denial of discovery. See Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd., 529 F.Supp. 866 (E.D.Pa.1981); Essex Wire Corporation v. Eastern Electric Sales Company, Inc., 48 F.R.D. 308 (E.D.Pa.1969). In order to show cause for entry of a protective order, the moving party must provide a "particular and specific demonstration of fact, as distinguished from a stereotyped and conclusory statement." United States v. Purdome, 30 F.R.D. 338, 341 (W.D.Mo.1962).

Here it is evident that the Creditors seek to take testimony from the Debtor that goes far beyond the legal matters at issue.  There can be no possible way that the Debtor's "formation, operations, assets, liabilities, income, and cash flow . . . from inception to date," its relationship with its tenant, its income tax returns or the purchasing and financing of its real estate can have

any bearing on whether the Creditors' promissory notes are valid, whether the amounts Creditors assert to be owed are correct, or whether their claims are secured or unsecured.

It is crystal clear that the Creditors are seeking information well outside of the matters at issue solely for the purpose of harassing the Debtor and causing it unnecessary expense. The Court is well aware of the lengths the Creditors have gone to to interfere with the Debtor's reorganization efforts: they filed multiple objections to the Debtor's Disclosure Statement and Plan and even went so far to seek to remove Debtor's counsel from the picture in an effort to prevent the Debtor from confirming its Plan.

Surely the Creditors have every right to take discovery in connection with the Debtor's objections to their Claims. However, that discovery should be limited to facts that have any possibility of proving or disproving the amount, validity and characterization of their claims. Those issues are matters identified in Numbers 7, 8, 13 and 14 in the Notice of Deposition and Item 1 on its Request for Production of Documents. Everything else sought by the Creditors cannot conceivably bear on the issues before the Court, and the Court should enter an Order limiting the discovery to the information identified above.

**CONCLUSION**

For all of the foregoing reasons, the Debtor respectfully requests that the Court issue the proposed Order submitted herewith, limiting the subjects to be discussed at the Debtor's deposition.

Respectfully submitted,

Dated: July 27, 2020

*/s/Ellen M. McDowell*
Ellen M. McDowell
McDowell Law, PC
46 West Main Street
Maple Shade, NJ 08052