UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------X
:
In re:                                                  :          Chapter 11
:
PRINCETON AVENUE GROUP, INC.,    :          Case No.: 19-19841(JNP)
:
Debtor         :
:
---------------------------------------------------------X

**CERTIFICATION OF COUNSEL IN RESPONSE TO MOTION TO COMPEL**

I, Ellen M. McDowell, of full age, do hereby certify as follows:

1. I am an attorney at law, licensed in the state of New Jersey, a shareholder with the law firm of McDowell Law, PC, attorneys for the Debtor in this matter, and as such have personal knowledge of the within facts.

2. I am submitting this Certification in response to the Motion of Arlene Pero and Jill Swersky (the "Creditors") to compel compliance with a subpoena issued to Tzitzifas & Co. (the "Motion")..

3. While my firm and I do not represent Tzitzifas & Co., I am compelled to respond to the Motion due to certain misstatements made by Creditors' counsel in the Motion filed by her relating to the Debtor, who is my client.

4. In paragraph 25 of her Certification, Ms. Mastrangelo states that the Debtor "produced no business records related to either of the Loans or the value of the Debtor's Property." This is categorically untrue.

5. In April of this year, Ms. Mastrangelo's predecessor, Alicia Sandoval, served a Request for Production of Documents on the Debtor in connection with the Debtor's objections to

her clients' claims.

6. On April 24, 2020, I emailed Ms. Sandoval the Debtor's response to the Request for Production of Documents which included a copy of the appraisal dated January 5, 2018 valuing the Property at $710,000. See email attached as Exhibit "A" with the documents produced attached (while the original document response sent to Ms. Sandoval included the entire appraisal I have only included the first few pages in Exhibit A due to the ECF restrictions on the size of documents to be uploaded)..

7. On Friday, July 24, 2020, Ms. Mastrangelo sent me an email saying that "(y)our client failed to produce documents our discovery requests. . . " [sic] I took this to mean that Ms. Mastrangelo believed the Debtor had not produced any documents in connection with discovery in this matter. See Exhibit "B."

8. Concerned that Ms. Sandoval had not advised Ms. Mastrangelo that the Debtor had in fact responded fully to Creditors' discovery requests, I responded by forwarding to her my email to Ms. Sandoval of April 24, 2020. See Exhibit "C."

9. In light of these facts, it is very puzzling that Ms. Mastrangelo would advise the Court in a sworn statement that the Debtor did not produce any documents relating to the value of the property.

10. With respect to the Motion itself, I would note in passing that the Notice of Service attached to the Motion as Exhibit "C" does not reflect proper service of the Subpoena as required by Fed. R. Bankr. P. 9016 and Fed. R.Civ. P. 45. As a result of this failure of proper service, the Motion would appear to be defective.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of

the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: July 29, 2020                    /s/ *Ellen M. McDowell*
                                        Ellen M. McDowell