| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>Edmond M. George, Esquire<br>Angela L. Mastrangelo, Esquire<br>Obermayer Rebmann Maxwell & Hippel LLP<br>1120 Route 73, Suite 420<br>Mt. Laurel, NJ 08054<br>(856) 795-3300<br>edmond.george@obermayer.com<br>angela.mastrangelo@obermayer.com<br>*Attorneys for Arlene Pero and Jill Swersky* |
| In re:<br><br>**PRINCETON AVENUE GROUP, INC.,**<br><br>    Debtor. |

Case No.:   19-19841 (JNP)

Chapter 11

# CERTIFICATION OF ANGELA L. MASTRANGELO, ESQUIRE IN SUPPORT OF THE MOTION ARLENE PERO AND JILL SWERSKY FOR A PROTECTIVE ORDER AND TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE DIRECTED TO KIMBERLY STUART, ESQUIRE

I, Angela L. Mastrangelo, Esquire, hereby certify the following:

1.    I am counsel to creditors Arlene Pero ("Arlene") and Jill Swersky ("Jill" or collectively with Arlene, "Movants") and am fully familiar with this bankruptcy matter.

2.    On or about May 14, 2019, the Princeton Avenue Group, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, pending under docket number 19-19841-JNP.

3.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.    The Debtor is a debtor in possession of its property pursuant to 11 U.S.C. §§ 1107(a) and 1108.

1

5. The Debtor's primary asset is commercial real property located at 1301-1307 Kings Highway, Block 26, Lot 8 on the tax map of the Borough of Swedesboro, Gloucester County, New Jersey (the "Property"). [Docket No. 1].

6. The Debtor listed the Property's value as $710,000.00, based on an appraisal. [Docket No. 1], however the Debtor insures the Property for $1,499,999.00, twice its alleged value. [Docket No. 9].

7. The Movants are minority shareholders of the Debtor, each owning a five percent (5%) stake of the Debtor. [Docket No. 1].

8. Konstantinos Tzitzifas ("Gus") is the majority shareholder of the Debtor, owning fifty-one percent (51%) of the Debtor's shares, and members of his family collectively own twenty percent (20%) of the Debtor. [Docket No. 1].

9. In August of 2012, the Debtor borrowed $125,000.00 from Arlene, as evidenced by a Promissory Note dated August 15, 2012. Konstantinos Tzitzifas signed a personal guaranty in connection with the Arlene Loan, and the Arlene Loan was secured by the primary residence of Effie Tzitzifas pursuant to a Subordinate Mortgage on property located at 12 S. Princeton Avenue, Wenonah, NJ 08090. [Proof of Claim No. 2]

10. The Debtor acknowledged but significantly undervalued Arlene's unsecured claim listing it in the amount of $125,000.00 under oath in its Schedules of Assets and Liabilities (the "Schedules") filed with this Court. [Docket No. 1 at Schedule E/F].

11. On September 25, 2019, Arlene timely filed a proof of claim asserting an unsecured claim in the amount of Two Hundred Thirty-Six Thousand Six Dollars ($236,006.00) pursuant to a Promissory Note executed by the Debtor and dated August 15, 2012 against the Debtor as set forth the Official Claims Register as claim no. 1 (the "Arlene Claim"). [Proof of Claim No. 2]

12. From time to time, Jill loaned money to the Debtor, and upon information and belief the money was used for the ongoing operations of the Debtor and/or Tavro. The Debtor and Jill came to an agreement that the amount of the loans that the Debtor would be paid back was $239,000.00. The agreement was memorialized in a Mortgage Note and Mortgage on the Debtor's Property securing the Loan in the amount of money agreed to by the Debtor. [Proof of Claim No. 1]

13. On September 25, 2019, Jill timely filed a proof of claim asserting a secured claim in the amount of Five Hundred Thousand and Ninety-Two Dollars ($500,092.00) pursuant to the Mortgage Note and Mortgage made by the Debtor and Tavro, as co-borrower, as set forth on the Official Claims Register as claim no. 2 (the "Jill Claim"). The Mortgage was duly recorded in the Office of the Gloucester County Clerk on December 18, 2013 in Mortgage Book 13842, Page 123, as Document Number 00054881. Gus executed the Mortgage Note and Mortgage on behalf of both the Debtor and Tavro, as Gus is the President of both the Debtor and Tavro. The Debtor failed to list Jill as a creditor, either secured or unsecured, in the Schedules filed with this Court [Docket No. 1] and did not give Jill notice of the bankruptcy filing. [Proof of Claim No. 1].

14. The Debtor filed an Objection to the Arlene Claim on January 20, 2020 seeking to disallow the Arlene Claim in its entirety, or in the alternative to reduce Arlene's claim. [Docket Nos. 41, 53, 76]. The Debtor and Arlene are engaged in discovery and the objection to the claim has not been determined by the Court.

15. The Debtor filed an Objection to the Jill Claim on January 22, 2020 seeking to modify the amount of the Jill Claim, to which Jill timely responded. [Docket Nos. 47, 52, 76]. The Debtor and Jill are engaged in discovery and the objection to the claim has not been determined by the Court.

16. The Debtor issued a Subpoena directed to the Movants' attorney Kimberly Stuart, Esq. for a deposition on July 31, 2020, and their attorney produce the following:

(1) Any and all documents reflecting your personal appointments and or/engagements for the month of October 2013.
(2) Any and all original notes and mortgages in your possession related to Princeton Avenue Group, Inc.

Attached hereto as Exhibit "A" is the Subpoena dated July 20, 2020.

17. The Debtor failed to comply with Federal Rule of Civil Procedure 45, as made applicable by the Federal Rules of Bankruptcy Procedure 9016, by failing to give proper notice to the parties of the request for documents, failing to allow a reasonable time to comply, and disclosure of privileged communications and documents.

18. The Movants' attorney, Kimberly Stuart, Esquire, filed Proofs of Claim 1 and 2, and represented the Movants' in connection with their opposition to the Debtor's claim objections.

19. Moreover, the Debtor's Subpoena to Testify clearly seeks information that is protected by the attorney client privilege, and information beyond the scope of discovery.

20. The Debtor took the depositions of the Movants on July 23, 2020. During the deposition, counsel for the Debtor accused the Movants of forging loan documents and mortgage notes, however no request was made for the original documents.

21. Instead, counsel seeks to take a 7 hour deposition of the Movants' attorney, which has been scheduled to take place from 10 a.m. until 5 p.m. on August 11, 2020. Counsel for the Debtor intends to question the Movants' attorney longer than they questioned the Movants themselves; Jill and Arlene's depositions combined took less than 3 hours.

22. It is obvious the Debtor's Subpoena for testimony of Jill and Arlene's attorney is nothing more than an attempt by the Debtor to harass the Movants and their attorneys, and increase cost and expenses of the parties.

23. Therefore, the Movants respectfully request that the Court issue a protective order quashing the Subpoena dated July 20, 2020 directed to their attorney, Kimberly Stuart, Esq. in its entirety.

I certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: July 30, 2020              /s/ Angela L. Mastrangelo
                                                   Angela L. Mastrangelo, Esquire