| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1** <br> Edmond M. George, Esquire <br> Angela L. Mastrangelo, Esquire <br> Obermayer Rebmann Maxwell & Hippel LLP <br> 1120 Route 73, Suite 420 <br> Mt. Laurel, NJ 08054 <br> (856) 795-3300 <br> edmond.george@obermayer.com <br> angela.mastrangelo@obermayer.com <br> *Attorneys for Arlene Pero and Jill Swersky* |

| | |
|---|---|
| In re: | Case No.:   19-19841 (JNP) |
| **PRINCETON AVENUE GROUP, INC.,** | Chapter 11 |
| Debtor. | |

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ARLENE PERO AND JILL SWERSKY FOR A PROTECTIVE ORDER AND TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE  DIRECTED TO KIMBERLY STUART, ESQUIRE

Creditors Arlene Pero ("Arlene") and Jill Swersky ("Jill" or collectively with Arlene, "Movants"), by and through their undersigned counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby file this Memorandum of Law in Support of the Motion for a Protective Order and to Quash Subpoena to Testify at a Deposition in a Bankruptcy Case Directed to Movants' attorney, Kimberly Stuart, Esquire (the "Motion").

### PRELIMINARY STATEMENT

The Subpoena to take the testimony of attorney Kimberly Stuart, Esq. is nothing more than the Debtor's attempt to harass its minority shareholders and their attorney, waste the Debtor's resources, and serves no valid purpose. The Subpoena was served shortly after the Office of the US Trustee filed a motion to disqualify Debtor's counsel. Movants' counsel requested a

8

clarification as to why the Debtor sought to depose the Movants' attorney. The reasoning given by Debtor's counsel was that the Movants' attorney signed their proofs of claim. As set forth below, the Subpoena seeks privileged materials and communications, and is plainly designed to burden, harass and unnecessarily run up legal costs for the Movants.

The Debtor's objection to Arlene's Claim seeks to disallow the claim, or if it is not disallowed, to accurately calculate the interest due under the note. The Debtor's objection to Jill's claim seeks to reclassify and modify the claim to accurately calculate the interest due under note.[1] The testimony and documents sought by the Subpoena are not relevant to the Debtor's pending claim objections. First, any and all retainer agreements or engagement agreements between the Movants and their counsel have nothing to do with the validity of the Movants' claims. Second, any information sought from the Movants' attorney is protected by an attorney client privilege. Third, there are other, less expensive and less burdensome ways of inspecting the original documents requested in the subpoena. Respectfully, the subpoena is inappropriate and reflects the absence of any actual discovery relevance.

## **ARGUMENT**

The parties are currently engaged in discovery related to two proofs of claims filed in this case, and objections to the claims filed by the Debtor. The only objections filed by the Debtor were to Arlene's Claim and Jill's Claim, each based on two different notes, in different amounts, for different loans made to the Debtor, and secured by two different mortgages.

Federal Rule of Civil Procedure 26(b), as made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedures limits the scope of discovery. Rule 26 specifically provides that:

---

[1] Twice, counsel for the Movants has offered to stipulate to simple interest calculations rather than compound interest, pursuant to the notes. This was also the testimony of the Movants in their depositions.

9

4836-0954-2597

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any **nonprivileged** matter that is **relevant** to any party's claim or defenses and **proportional** to the need of the case, considering the **importance** of the issues at stake in the action, the **amount of in controversy**, the parties' relative **access** to relevant information, the parties' **resources**, the **importance** of the discovery in resolving the issues, and whether the **burden** or **expense** of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

The Debtor's Subpoena to take the testimony of the Movants attorney fails to meet each and every one of the parts set forth in Rule 26. Moreover, the testimony that the Debtor seeks is privileged communication between the Movants and their attorney.

The Supreme Court of the United States described the attorney-client privilege as "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). In *United States v. Zolin,* 491 U.S. 554 (1989), the Court explained the purpose of this privilege as follows:

> Although the underlying rationale for the privilege has changed over time, courts long have viewed its central concern as one "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." That purpose, of course, requires that clients be free to "make full disclosure to their attorneys" of past wrongdoings, in order that the client may obtain "the aid of persons having knowledge of the law and skilled in its practice."

491 U.S. at 562-63 (citations omitted).

Taking testimony of the attorney that filed the Movants' proofs of claim and responses to objections to their claims is an attempt to seek privilege communications. Moreover, a retention or engagement letter with Kimberly Stuart, Esq. from 2013 is not relevant or discoverable. There is no valid basis for taking the testimony of the attorney who signed or filed the proofs of claim. The Subpoena falls well outside the scope of Rule 26.

10

Even if for some reason the communications would not fail within the attorney client privilege, the information is still not discoverable as it is not relevant to the matter before this Court. Taking the deposition of the Movants' attorney is not proportional to the need of the dispute. There are two claim disputes. Arlene's Claim and Jill's Claim are based on two different notes, two different loans, and are secured by two different mortgages. Permitting the Debtor to take a 7 hour deposition of the Movants' attorney is clearly not proportional or important to what is at stake in this dispute, especially when they spent less than 3 hours deposing both Movants. The Movants' will stipulate to the interest calculation, therefore the amount in controversy does not warrant the deposition. The Debtor has access to information by other means. Neither of the parties have the resources to spend an entire day deposing Kimberly Stuart, Esq. The burden and expense overreaching outweighs any likely benefit. Moreover, the burden and expenses imposed on Kimberly Stuart, Esq., who will need to retain her own attorney for the deposition, are unwarranted. Clearly, the Debtor's dispute is aimed at its non-family shareholders. The Debtor's majority shareholder took advantage of his friendship, abused his power as a majority shareholder, and is clearly discriminating against the minority shareholders. Taking the deposition of their attorney is nothing more than a litigation tactic and should not be condoned by this Court.

## CONCLUSION

The Debtor as debtor-in-possession had a duty to act in the best interest of the estate, and the Debtor's counsel should know that the Subpoena issued to the Movants' attorney is an abuse of process targeted at non-member shareholders. Thus, the Movants respectfully request that this court issue a protective order and quash the Subpoena directed to their attorney, Kimberly Stuart, Esq.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 30, 2020 | By: */s/ Angela L. Mastrangelo*<br>Edmond M. George, Esquire<br>Angela L. Mastrangelo, Esquire<br>OBERMAYER REBMANN MAXWELL & HIPPEL LLP<br>1120 Route 73, Suite 420<br>Mt. Laurel, New Jersey 08054<br>*Counsel to Arlene Pero and Jill Swersky* |

12

4836-0954-2597