<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1**
Edmond M. George, Esquire
Angela L. Mastrangelo, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
1120 Route 73, Suite 420
Mt. Laurel, NJ 08054
(856) 795-3300
edmond.george@obermayer.com
angela.mastrangelo@obermayer.com
*Attorneys for Arlene Pero and Jill Swersky*

</td><td></td></tr>
<tr><td>

**In re:**

**PRINCETON AVENUE GROUP, INC.,**

       **Debtor.**

</td><td>

**Case No.:   19-19841 (JNP)**

**Chapter 11**

</td></tr>
</table>

### CERTIFICATION OF ANGELA L. MASTRANGELO, ESQUIRE
### IN SUPPORT OF CREDITORS' OPPOSITION TO THE DEBTOR'S
### MOTION FOR A PROTECTIVE ORDER

I, Angela L. Mastrangelo, Esquire, hereby certify the following:

1.     I am counsel to creditors Arlene Pero ("Arlene") and Jill Swersky ("Jill" or collectively with Arlene, "Creditors") and am fully familiar with this bankruptcy matter.

2.     On or about May 14, 2019, the Princeton Avenue Group, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, pending under docket number 19-19841-JNP.

3.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.     The Debtor is a debtor in possession of its property pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4811-2481-9398

5.      The Debtor's primary asset is commercial real property located at 1301-1307 Kings Highway, Block 26, Lot 8 on the tax map of the Borough of Swedesboro, Gloucester County, New Jersey (the "Property").  [Docket No. 1].

6.      The Debtor listed the Property's value as $710,000.00, based on an appraisal. [Docket No. 1], however the Debtor insures the Property for $1,499,999.00, twice its alleged value. [Docket No. 9].

7.      The Creditors are minority shareholders of the Debtor, each owning a five percent (5%) stake of the Debtor.  [Docket No. 1].

8.      Konstantinos Tzitzifas ("Gus") is the majority shareholder of the Debtor, owning fifty-one percent (51%) of the Debtor's shares, and members of his family collectively own twenty percent (20%) of the Debtor.  [Docket No. 1].

9.      In August of 2012, the Debtor borrowed $125,000.00 from Arlene, as evidenced by a Promissory Note dated August 15, 2012.  Konstantinos Tzitzifas signed a personal guaranty in connection with the Arlene Loan, and the Arlene Loan was secured by the primary residence of Effie Tzitzifas pursuant to a Subordinate Mortgage on property located at 12 S. Princeton Avenue, Wenonah, NJ 08090.  [Proof of Claim No. 2]

10.     The Debtor acknowledged but significantly undervalued Arlene's unsecured claim listing it in the amount of $125,000.00 under oath in its Schedules of Assets and Liabilities (the "Schedules") filed with this Court.  [Docket No. 1 at Schedule E/F].

11.     On September 25, 2019, Arlene timely filed a proof of claim asserting an unsecured claim in the amount of Two Hundred Thirty-Six Thousand Six Dollars ($236,006.00) pursuant to a Promissory Note executed by the Debtor and dated August 15, 2012 against the Debtor as set forth the Official Claims Register as claim no. 1 (the "Arlene Claim").  [Proof of Claim No. 2]

4811-2481-9398

12.     From time to time, Jill loaned money to the Debtor, upon information and belief the money was used for the ongoing operations of the Debtor and/or Tavro.  The Debtor and Jill came to an agreement that the amount of the loans that the Debtor would pay back was $239,000.00. The agreement was memorialized in a Mortgage Note and Mortgage on the Debtor's Property securing the Loan in the amount of money agreed to by the Debtor.  [Proof of Claim No. 1]

13.     On September 25, 2019, Jill timely filed a proof of claim asserting a secured claim in the amount of Five Hundred Thousand and Ninety-Two Dollars ($500,092.00) pursuant to the Mortgage Note and Mortgage made by the Debtor and Tavro, as co-borrower, as set forth on the Official Claims Register as claim no. 2 (the "Jill Claim").  The Mortgage was duly recorded in the Office of the Gloucester County Clerk on December 18, 2013 in Mortgage Book 13842, Page 123, as Document Number 00054881.  Gus executed the Mortgage Note and Mortgage on behalf of both the Debtor and Tavro, as Gus is the President of both the Debtor and Tavro.  The Debtor failed to list Jill as a creditor, either secured or unsecured, in the Schedules filed with this Court [Docket No. 1] and did not give Jill notice of the bankruptcy filing. [Proof of Claim No. 1].

14.     The Debtor filed an Objection to the Arlene Claim on January 20, 2020 seeking to disallow the Arlene Claim in its entirety, or in the alternative to reduce Arlene's claim. [Docket Nos. 41, 53, 76].  The Debtor and Arlene are engaged in discovery and the objection to the claim has not been determined by the Court.

15.     The Debtor filed an Objection to the Jill Claim on January 22, 2020 seeking to modify the amount of the Jill Claim, to which Jill timely responded.  [Docket Nos. 47, 52, 76]. The Debtor and Jill are engaged in discovery and the objection to the claim has not been determined by the Court.

4811-2481-9398

16.     On or about June 23, 2020, a Notice of Deposition of Debtor Pursuant to Federal

Rule of Bankruptcy Procedure 7030 and Federal Rule of Civil Procedure 30(b)(6) was served upon

counsel to the Debtor ("First Deposition Notice").  See Exhibit "A" annexed hereto.

17.     The Debtor's deposition was to take place on June 26, 2020 beginning at 10:00 AM

to 5:00 PM.  The matters upon which the Debtor could be examined were listed as follows:

> 1.     The formation, operations, assets, liabilities, income, and cash flow
> of the Debtor from inception to date.
> 2.     The relationship between the Debtor and Tavro13, Inc., including
> any agreements, joint liabilities, and rents collected from Tavro13, Inc.
> 3.     The preparation and filing of income tax returns of the Debtor since
> formation.
> 4.     The purchase and financing of the real property of the Debtor,
> including any and all liens attached to said real property.
> 5.     The preparation of financial projections attached to the Debtor's
> Third Amended Disclosure Statement.
> 6.     The Debtor's objection to the Claim of Arlene Pero.
> 7.     The Debtor's objection to the Secured Claim of Jill Swersky.
> 8.     The unsecured claims listed in the Debtor's Amended Schedule E/F.
> 9.     Any communications between representatives of the Debtor and its
> creditors regarding monies owed.

See Exhibit "A".

18.     Debtor's counsel agreed, and did not express any objection to the topics of

examination in the Notice of Deposition of the Debtor.

19.     Due to a family matter that occurred a few days prior which required the Debtor to

postpone the depositions of Arlene and Jill, counsel for the Creditors requested that the Debtor's

deposition also be postponed.

20.     By agreement of the parties, the Debtor deposition was rescheduled for July 28,

2020, and a nearly identical Notice of Deposition was severed upon counsel to the Debtor for the

deposition to begin at 9:30 AM and presumably ended at or before 4:30 PM ("Second Notice").

See Exhibit "B" attached hereto.

4811-2481-9398

21.     The matter for possible examination were set forth as follows:

1.     The formation, operations, assets, liabilities, income, and cash flow of the Debtor from inception to date.

2.     The relationship between the Debtor and Tavro13, Inc., including any agreements, leases, joint liabilities, and rents collected from Tavro13, Inc.

3.     The preparation and filing of income tax returns of the Debtor since formation.

4.     The purchase and financing of the real property of the Debtor, including any and all liens attached to said real property.

5.     *The tax lien on the Debtor's real property that was purchased by US Bank and its efforts to foreclose on the Debtor's real property.*

6.     The preparation of financial projections attached to the Debtor's Third Amended Disclosure Statement.

7.     *Loans made by Arlene Pero to the Debtor,* and Debtor's objection to the Proof of Claim of Arlene Pero.

8.     *Loans made by Jill Swesky to the Debtor, mortgage note,* and Debtor's objection to the Secured Claim of Jill Swersky.

9.     *Loan(s) made by Zois Tzitzifas to the Debtor totaling $145,000.00.*

10.     *Loan(s) made by Effie Tzitzifas to the Debtor totaling $97,000.00.*

11.     *Loan(s) made by Konstantinos Tzitzifas to the Debtor totaling $245,500.00.*

12.     The unsecured claims listed in the Debtor's Amended Schedule E/F, including Metromedia Energy and Marriott Vacation Club.

13.     Any communications between representatives of the Debtor and its unsecured creditors regarding monies owed.

14.     *The value of the Debtor's real property.*

See Exhibit "B".

22.     The Second Notice request that the Debtor's representative bring to the deposition

the following documents:

1.     Any and all documents related to the Debtor's payments (a) Arlene Pero and (b) Jill Swersky for repayment of the Debtor's loans.

4811-2481-9398

2.      Any and all documents related to the loans made by (a) Zois Tzitzifas; (b) Effie Tzitzifas; and (c) Konstantinos Tzitzifas to the Debtor.

3.      Copies of the Debtor's tax returns for the years 2011 through the present.

4.      Any and all documents related to US Bank and its efforts to foreclose on the Debtor's real property.

See Exhibit "B".

23.      Debtor's counsel opposed the categories of inquiry and the parties attempted to resolve this matter amicably, but were not in agreement.  The Debtor's counsel filed a Motion for a Protective Order on July 27,2020 (the "Motion"), and the Debtor's deposition was postponed again by agreement of the parties.

24.      The Debtor's Motion seeks to preclude any examination of the Debtor on Items 1-6, 9-11, and 12, and produce responsive documents to only Document Request No. 1.

25.      First, contrary to counsel for the Debtor's assertion, counsel to the Creditors agreed that the Debtor would not be examined on items 2 and 6, not 2 through 6.

26.      Since the Debtor is seeking to avoid discovery  it has the burden to point to specific reasons for denial of the discovery.  The Debtor failed to do that and merely raises novel notions of a lengthy deposition, costing thousands of dollars, and that the Creditors are acting unfairly by objection to confirmation and "went so far to seek to remove Debtor's counsel."

27.      It should be noted that the Creditors did not seek to remove Debtor's counsel, the Office of the US Trustee ("UST") filed a Motion to Disqualify Debtor's counsel based on lack of information provided in various disclosure statements filed under penalty of perjury with the Court, as well the Debtor's failure to disclose information in its schedules, to which the Creditors supported.  The Bankruptcy Code provides for the UST or any party in interest to request counsel

6

be disqualified for failure to comply with rules of disclosure.  Counsel rehashing this is irrelevant to the Debtor's Motion.

28.     It is clear that both the Debtor and its counsel seek to prejudice certain non-family shareholders, only objecting to their claims and trying to limit discovery to support the Creditors' claims and defenses to the Debtor's objection.

29.     The Debtor took the depositions of the Creditors on July 23, 2020.  During the deposition, counsel for the Debtor accused the Creditors of filing claims that were duplicative and even alluded that the Creditors forged loan documents and mortgage notes.

30.     It is obvious the Debtor's Motion to Preclude Deposition testimony and documents is an attempt to keep information from the Creditors that directly relates to the necessity of the loans, shareholder loans and the Debtor's business practices, the claims listed the Debtor's schedules which it now disputes, the Creditors' claims, the Debtor's repayment of shareholder loans, and information that may show the true value of the Debtor's property, and bring light to whether one of the claims is actually undersecured.

31.     Therefore, the Creditors respectfully request that the Court issue  an order permitting the deposition of the Debtor be conducted on items 1, 3-5, 9-12, as well as the agreed upon items 7-8 and 13-14, and require the Debtor to produce documents responsive to the 4 document requests via electronic means.

I certify that the foregoing statements made by me are true.  I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated:  July 31, 2020                    */s/ Angela L. Mastrangelo*
                                         Angela L. Mastrangelo, Esquire

4811-2481-9398