# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1**
Edmond M. George, Esquire
Alicia M. Sandoval, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
1120 Route 73, Suite 420
Mt. Laurel, NJ 08054
(856) 795-3300
edmond.george@obermayer.com
alicia.sandoval@obermayer.com
*Attorneys for Arlene Pero and Jill Swersky*

In re:

     **PRINCETON AVENUE GROUP, INC.,**

          **Debtor.**

Case No.:   **19-19841 (JNP)**

**Chapter 11**

## NOTICE OF DEPOSITION OF DEBTOR PURSUANT TO FED R. BANKR. P. 7030 AND FED. R. CIV. P. 30(b)(6)

To:    Debtor, Princeton Avenue Group, Inc.
       c/o Ellen M. McDowell, Esquire
       McDowell Law, PC
       46 West Main Street
       Maple Shade, NJ 08052

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, Creditors, Arlene Pero and Jill Swersky, will take the oral deposition of the designated representative of Debtor, Princeton Avenue Group, Inc. (the "Debtor"), beginning at 10:00 AM on Friday, June 26, 2020 via Remote Video Deposition. Debtor is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents, or other persons who consent and are knowledgeable to testify on their behalf with respect to each of the matters set forth herein. If Debtor must designate more than one person in order to address adequately the matters specified herein, then, unless the parties agree otherwise, the oral deposition of Debtor will continue from day to day, with a minimum of one, (excluding Saturdays, Sundays, and holidays) during the hours

of 10:00 a.m. until 5:00 p.m. (with one hour break for lunch) until completed.  The deposition will

be recorded by stenographic and videographic means.

The matters for examination are:

1. The formation, operations, assets, liabilities, income, and cash flow of the Debtor from inception to date.

2. The relationship between the Debtor and Tavro13, Inc., including any agreements, joint liabilities, and rents collected from Tavro13, Inc.

3. The preparation and filing of income tax returns of the Debtor since formation.

4. The purchase and financing of the real property of the Debtor, including any and all liens attached to said real property.

5. The preparation of financial projections attached to the Debtor's Third Amended Disclosure Statement.

6. The Debtor's objection to the Claim of Arlene Pero.

7. The Debtor's objection to the Secured Claim of Jill Swersky.

8. The unsecured claims listed in the Debtor's Amended Schedule E/F.

9. Any communications between representatives of the Debtor and its creditors regarding monies owed.

Debtor shall identify the person(s) who will speak on its behalf on each topic above at least

seven (7) days before the deposition(s).

Debtor's designated representative(s) is directed to bring with him/her any and all

documents, whether written or electronic, pertaining to the above listed matters, if not already

produced by Debtor in this litigation.


Dated: June 23, 2020                    By:    */s/ Alicia M. Sandoval*_____
                                        Edmond M. George, Esquire
                                        Alicia M. Sandoval, Esquire
                                        Obermayer Rebmann Maxwell & Hippel LLP
                                        1120 Route 73, Suite 420
                                        Mt. Laurel, NJ 08054
                                        *Counsel to Arlene Pero and Jill Swersky*