| |
|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1** <br> Edmond M. George, Esquire <br> Angela L. Mastrangelo, Esquire <br> Obermayer Rebmann Maxwell & Hippel LLP <br> 1120 Route 73, Suite 420 <br> Mt. Laurel, NJ 08054 <br> (856) 795-3300 <br> edmond.george@obermayer.com <br> angela.mastrangelo@obermayer.com <br> *Attorneys for Arlene Pero and Jill Swersky* |
| In re:              Case No.: 19-19841 (JNP) <br><br> **PRINCETON AVENUE GROUP, INC.,**     Chapter 11 <br><br>         **Debtor.** |

### MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS OF ARLENE PERO AND JILL SWERSKY TO THE DEBTOR'S MOTION FOR A PROTECTIVE ORDER

Creditors Arlene Pero ("Arlene") and Jill Swersky ("Jill" or collectively with Arlene, "Creditors"), by and through their undersigned counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby file this Memorandum of Law in Support of their Objections to the Debtor's Motion for a Protective Order (the "Motion").

### PRELIMINARY STATEMENT

Since the filing of the Debtor's bankruptcy petition, the Debtor has attempted to prejudice the Creditors. The Debtor undervalued Arlene's Claim, and completely ignored Jill's Secured Claim. As Arlene is a non-family member shareholders, the Debtor's objection to Arlene's Claim seeks to disallow the claim, or if it is not disallowed, to accurately calculate the interest due under the note[1]. As Jill is a non-family member shareholder, the Debtor's objection to Jill's claim seeks

---

[1] Arlene will stipulate that the loan documents provided for simple interest not compound interest, and file an amended claim reflecting the revised calculation.

1

to reclassify and modify the claim to accurately calculate the interest due under note[2]. The testimony and documents sought by the Creditors' Notice of Deposition of the Debtor is relevant to the Creditors' Claims, the Debtor's pending claim objections, and the Creditors' defenses to the objections.

First, the Debtor has alluded to the claims being the same claim, thus information regarding the Debtor's finances at its inception is relevant as that was when the loans were made to the Debtor. Second, the Debtor's tax returns are also relevant as information in the tax returns related directly to shareholder loans, and the value of the Debtor's property which the Debtor has undervalued in an effort to render Jill's Claim undersecured. Third, information regarding the tax lien on the Debtor's property is also relevant as it takes priority over Jill's claim and the calculation of the tax lien effects Jill's security interest in the Debtor's Property. Fourth, the other shareholder loans are relevant regarding the Debtor's business practices and to the extent that the Debtor is not treating all of the shareholder loans similarly, having chosen to only oppose non-family member loans. Finally, the Debtor's schedule of creditors is relevant as the Debtor acknowledged Arlene's claim in the Schedules and now denies having acknowledged it. The areas of examination listed in the Notice of the Debtor's Deposition are relevant to the issues raised in the current dispute, and precluding the testimony and documents is prejudicial to the Creditors.

## ARGUMENT

The parties are currently engaged in discovery related to two proofs of claims filed in this case, and objections to the claims filed by the Debtor. The only objections filed by the Debtor were to Arlene's Claim and Jill's Claim, each based on two different notes, in different amounts, for different loans made to the Debtor, and secured by two different mortgages.

---

[2] Jill will also stipulate that the loan documents provided for simple interest not compound interest, and file an amended claim reflecting the revised calculation.

Federal Rule of Civil Procedure 26(b), as made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedures limits the scope of discovery. Rule 26 specifically provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses and proportional to the need of the case, considering the importance of the issues at stake in the action, the amount of in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

"Construed as a broad standard, discovery is ordinarily allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *Official Comm. of Unsecured Creditors of Allied Sys. Holdings v. Yucaipa Am. All. Fund I, L.P. (In re Allied Sys. Holdings)*, No. 13-50530 (CSS), 2015 Bankr. LEXIS 3839 *29-30 (Bankr. D. Del. Nov. 9, 2015). "Because the standard for discovery is broad, discovery is ordinarily allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *Am. Media, Inc. v. Anderson Mgmt. Servs. (In re Anderson News, LLC)*, 615 B.R. 45, 50 (Bankr. D. Del. 2020) (citations omitted).

The areas of the Creditors inquiry of the Debtor is well within the scope of discovery, as the claims are based on loans made to the Debtor, the Debtor failed to repay the loans, the value of the property securing the loan, the Debtor's acknowledgment of the loans, and the Debtor's bias for objection to the Proofs of Claim filed by Jill and Arlene.

The Debtor's case law and analysis of Rule 26 is outdated. Rule 26 was amended in 2015, "the key phrase" the Debtor's relies upon was removed from rule. Moreover, rule 26 no longer includes the language "relevant to the subject matter involved in the pending action" or the phrase

3

"appears reasonably calculated to lead to discovery of admissible evidence." Contrary to the Debtor's assertion, the Notice of Debtor's Deposition does not fall within Rule 26(c). The Debtor's argument that the deposition "could take hours upon hours and cost the Estate thousands of dollars" is unpersuasive as Rule 30 was also amended in 2015 and places limitations on depositions.

Taking testimony of the Debtor on the Debtor's finances, tax returns, loans, property value is all within Rule 26 and is relevant to the Creditor's claims and defenses, it is proportional to the need of the case and important to the issues at stake and the amounts in controversy as they are not the same loans. The Creditors have no other access to the relevant information. The areas of examination and request for documents will actually conserve the parties' resources (one deposition not two) and will narrow the issues before the Court. The discovery requested is incredibly important in resolving the issues, and there is little burden or expense imposed for the discovery which is outweighed by the likely benefit.

## CONCLUSION

Clearly, the deposition of the Debtor was aimed at the core elements of the disputed claims and the Debtor has failed to meet its burden to obtain a protective order and avoid having to comply. The Debtor's improper limitation would unduly prejudice the Creditors. Thus, the Creditors respectfully request that this Court permit the Creditors to depose the Debtor on the area of examination set forth in the Notice of Deposition items 1, 3-5, 9-12, as well as the agreed upon items 7-8 and 13-14, and require that the Debtor produce via electronic means the requested documents.

Respectfully submitted,

Dated: July 31, 2020      By: */s/ Angela L. Mastrangelo*
                              Edmond M. George, Esquire
                              Angela L. Mastrangelo, Esquire
                              OBERMAYER REBMANN MAXWELL & HIPPEL LLP

4

4811-2481-9398